**COHEN-JOHNSON, LLC**
H. STAN JOHNSON, ESQ.
Nevada Bar No.: 0265
sjohnson@cohenjohnson.com
255 E. Warm Springs Road, Ste. 100
Las Vegas, Nevada  89119
Tel. (702) 823-3500
Facsimile: (702) 823-3400
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LYNN R. HYMAS, an individual and SUSAN HYMAS, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY CAPITAL I INC. TRUST 2006-NC2, a New York corporation; QUALITY LOAN SERVICE CORPORATION, a California corporation; NEW CENTURY MORTGAGE CORPORATION, a California corporation; DOES I through X, individuals and ROES I through X, corporations, inclusive;<br><br>Defendants. | Case No.: 2:13-cv-01869-RCJ-GWF<br><br>**OPPOSITION TO DEFENDANT, DEUTSCHE BANK'S, MOTION TO DISMISS WITH PREJUDICE PLAINTIFFS' COMPLAINT** |

COME NOW, Plaintiffs Lynn R. Hymas and Susan Hymas, by and through their counsel of record, H. Stan Johnson, Esq. of Cohen-Johnson, LLC, and hereby submits their opposition to Defendant, Deutsche Bank's Motion to Dismiss with prejudice Plaintiffs' Complaint.

/ / /

/ / /

/ / /

/ / /

/ / /

/ /

/ / /

1

This Opposition is based upon the following Memorandum of Points and Authorities, the pleadings and papers on file herein, the affidavits and exhibits attached hereto, and any oral arguments the Court may allow at the time of the hearing.

DATED this 4th day of November, 2013.

COHEN-JOHNSON, LLC

By:     /s/ H. Stan Johnson
H. STAN JOHNSON, ESQ.
Nevada Bar No.: 0265
255 Ea. Warm Springs Road, Suite 100
Las Vegas, Nevada  89119
*Attorney for Plaintiffs*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

On October 26, 2005 the Plaintiffs entered into a loan agreement with the lender New Century Mortgage Corporation ("Lender" or "New Century") and executed an Adjustable Rate Note for $270,000.00.

Concurrent therewith the Plaintiffs executed a Deed of Trust naming the Lender as Beneficiary and National Title Co. as Trustee.  Said Deed of Trust was recorded on the property of the Plaintiffs' located at 3116 Floral Vista Ave., Henderson, NV 89014 (APN: 178-06-711-041) (the "Property").

The Lender purported to assign the Deed of Trust to Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Capital I Inc., Trust 2006-NC2 ("Deutsche") on November 16, 2011.

On June 29, 2012 Deutsche purportedly substituted in Quality Loan Service Corp. ("Quality") as Trustee on the Deed of Trust.

On December 19, 2012, Quality recorded a Notice of Breach & Election to Sell.

On August 26, 2013 Quality recorded a Notice of Trustee Sale; the Notice of Sale

2

purports to sell the Property on September 20, 2013 at 10:00 am.

New Century Mortgage Corporation filed for protection under Chapter 11 of the United States Bankruptcy Code on April 2, 2007. New Century filed a liquidation plan in March of 2008, and the bankruptcy court confirmed the liquidation plan in July of 2008. *In re New Century TRS Holdings, Inc.* 407 B.R. 576,579-80 (Bankr. D. Del. 2009). See, Order Confirming The Modified Second Amended Joint Chapter 11 Plan of Liquidation Dated as of September 30, 2009, attached hereto as Exhibit 1.

LEGAL ARGUMENTTS

**A.    STANDARD FOR DISMISSAL PURSUANT TO F.R.C.P. RULE 12(B)(6)**

Federal Rule of Civil Procedure 12(b)(6) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face," so as to permit a reasonable inference that the defendant is liable for the misconduct alleged. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, 570 (2007) ("Twombly"); see *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In evaluating a motion to dismiss, a court must construe the pleadings in the most favorable light for the nonmoving party and accept all material allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1003 (9th Cir. 2008).

Moreover, the court must consider Plaintiffs' allegations as a whole--not in isolation. See *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 326 (2007) ("[T]he court's job is not to scrutinize each allegation in isolation but to assess all the allegations holistically"); see, e.g., *In re Rail Freight Fuel Surcharge Antitrust Litig.,* 587 F. Supp. 2d 27, 33 n. 4 (D.D.C. 2008) "Twombly did not change this principle: '[T]he character and effect of a [Sherman Act] conspiracy are not to be judged by dismembering it and viewing its separate parts' ") (quoting *In re Southeastern Milk Antitrust Litig.,* 555 F. Supp. 2d 934, 943-44 (E.D. Tenn.

3

2008)); cf. *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2012 U.S. Dist. LEXIS 68712 (N.D. Cal. May 16, 2012) (Wilken, J.) (denying EA's motion for judgment on the pleadings after "[r]eading Antitrust Plaintiffs' allegations about the agreements in the context of their overall complaint, rather than in isolation").

Detailed factual allegations are not necessary to survive a motion to dismiss. See *Twombly,* 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). Federal Rule of Civil Procedure 8(a)(2) demands only "a short and plain statement of the claim showing that the pleader is entitled to relief." A mere "formulaic recitation of the elements of a cause of action will not do," however. *Twombly,* 550 U.S. at 555.

**B.    PLAINTIFFS' FIRST AND SECOND CAUSES OF ACTION SHOULD NOT BE DISMISSED**

Plaintiffs agree their separately stated cause of action for injunctive relief may be treated as a remedy.

However, in regards to Plaintiff's action for declaratory relief; such is codified in Chapter 30 of the Nevada Revised Statutes, an adoption of the Uniform Declaratory Judgments Act, NRS 30.010. NRS 30.030 provides:

> "Courts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or a negative in form and effect; and such declaration shall have the force and effect of a final judgment or decree."
> NRS 30.030.

Moreover, the Court has the jurisdiction to afford declaratory relief. NRS 30.040 provides:

4

> "Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising out of the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder."

NRS 30.040 (Emphasis added).

Actions for declaratory relief are governed by the same liberal pleading standard that is applied in other civil actions. Breliant v. Preferred Equities Corp, 109 Nev. 842, 58 P.2d 1258 (1993). As such, NRS 30.070 provides:

> "The enumeration in NRS 30.040, 30.050 and 30.060 does not limit or restrict the exercise of the general powers conferred in NRS 30.030 in any proceeding where declaratory relief is sought, in which a judgment or decree will determine the controversy or remove an uncertainty."

NRS 30.070.

Moreover, NRS 30.100 provides:

> "Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefor shall be by petition to a court having jurisdiction to grant relief. If the application be deemed sufficient, the court, shall on reasonable notice, require any adverse party whose rights have been adjudicated by declaratory judgment or decree, to show cause why further relief should not be granted forthwith."

NRS 30.100.

The Uniform Declaratory Judgment Act is remedial. Thus, NRS 30.140 provides:

> "NRS 30.010 to 30.160, inclusive, are declared to be remedial; their purpose is to settle and afford relief from uncertainty and insecurity with respect to rights, status or other legal relations; and are to be liberally construed and administered."

NRS 30.140.

The parties' respective rights and duties under the written agreements relating to the note and deed of trust and applicable statutes are directly at issue here because of the allegations of fraud. Upon the allegations in the Complaint, the Court is being asked to determine whether or not representations made regarding the validity of the assignment are fraudulent. These findings pertain directly to the validity of the foreclosure and, thus, the

5

parties' respective rights, duties and obligations under the loan documents.

The suggestion that a declaratory judgment would not resolve the controversy, especially in light of the declaratory action being brought in conjunction with additional legal claims is illogical and factually erroneous on its face and the cause of action for declaratory judgment should not be dismissed

**C.    THE CLAIMS RELATED TO NEW CENTURY'S BANKRUPTCY SHOULD NOT BE DISMISSED**

On or about June 29, 2012 Deutsche purportedly substituted in Quality Loan Service Corp. ("Quality") as Trustee on the Deed of Trust. On or about December 19, 2012, Quality recorded a Notice of Breach & Election to Sell.  On or about August 26, 2013 Quality recorded a Notice of Trustee Sale; the Notice of Sale purports to sell the Property on September 20, 2013 at 10:00 am. .

Since Quality was appointed by Deutsche; if the assignment from New Century to Deutsche was defective then it is axiomatic that Quality has no standing or authority to foreclose.

As set forth in *Edelstein v. Bank of New York Mellon*, 128 Adv, Op. 48, 286 P.3d 249 (2012). "To have standing to foreclose, the current beneficiary of the deed of trust and the current holder of the promissory note must be the same. *Id.* at 255

It is clear from the following facts that the alleged beneficiary has neither.  The basis for Deutsche's standing is the Corporate Assignment of Deed of Trust dated November 16, 2011, directly from New Century Mortgage Corporation to Deutsche Bank as Trustee for Morgan Stanly Capital 1 Inc. Trust 2006-NC2.  See, Corporate Assignment attached hereto as Exhibit 2.

First, the assignment from New Century is a legal impossibility since New Century

6

was in bankruptcy liquidation as of November 16, 2011.  Specifically, New Century filed for Chapter 11 bankruptcy in 2007, New Century filed a liquidation plan in March 2008, and the bankruptcy court confirmed the liquidation plan in July 2008. *In re New Century TRS Holdings, Inc.,* 407 B.R. 576, 579–80 (Bankr.D.Del.2009).  Effective August 1, 2008, the liquidation plan:

> was created with Alan M. Jacobs as trustee. Also on that date, the Creditors' Committee was dissolved; the Plan Advisory Committee (the "PAC") was formed; debtors' officers and directors ceased serving and were replaced by Jacobs; debtors' assets were distributed to the liquidating trust; and NCFC's outstanding common and preferred stock, as well as all notes, securities, and indentures, were cancelled.

Given this liquidation, it appears that New Century *could not* have validly assigned the deed of trust and note to Deutsche on November 16, 2011.  Pursuant to the Bankruptcy Court order confirming New Century's reorganization plan, all of the assets of New Century Mortgage were conveyed to a separate entity, the New Century Liquidating Trust, effective July 15, 2008. See, Confirmation Order attached hereto as Exhibit 1; ¶ 22, at 24.  The plan also precluded New Century Mortgage and the other petitioners from having any interest in the assets or the trust following the transfer. Confirmation Order ¶ 22, at 24.  In a second and final amended plan also confirmed by the Bankruptcy Court in 2009, the debtors, including New Century Mortgage, confirmed that their assets were conveyed to the trust as provided for in the original plan on the effective date, July 15, 2008. Confirmation Order, ¶ 21, at 24.

*In Deutsche Bank National Trust Company v. Williams*, 2012 WL 1081174 March 29, 2012; Civil No. 11-00623 JMS/RLP.  The Federal District Court in a case that involved almost the exact same parties granted the home owner's motion to dismiss Deutsche's complaint for foreclosure.  The court stated: "Given this liquidation, it appears the Home 123 (dba for New

Century) could not have validly assigned the Mortgage and Note to Plaintiff on January 13, 2009."

Defendants' argument that this issue must be brought in the bankruptcy action of New Century is without merit. Plaintiffs are well within their rights as set forth in *Leyva* and *Edelstein* to raise the issue of Deutsche's lack of standing under the State law of Nevada.

### D.     THE THIRD CAUSE OF ACTION SHOULD NOT BE DISMISSED

The Third Cause of Action should not be dismissed since it complies with the requirements of FRCP 9. The Plaintiffs have pleaded all of the requirements in its allegations as to elements of fraud. Defendants have fraudulently represented that the November 16, 2011 purported assignment is false and fraudulent. This was known by both New Century and Deutsche Bank. Such representations were made with the intent that the Plaintiffs would rely on them and act accordingly. The Plaintiffs were justified in relying on these representations based on the sworn and notarized statements. Plaintiffs have and will be harmed by the false and fraudulent actions of the Defendants since they are attempting to wrongfully foreclose upon their family home.

### E.     PLAINTIFFS' COMPLAINT SHOULD NOT BE DISMISSED BECAUSE THEY DO HAVE STANDING TO ASSERT A VIOLATION OF A PSA AGREEMENT.

The Defendants argue the plaintiffs do not have standing to challenge the defective assignment from new Century to Deutsche Bank because they are not a party to the assignment. However quality is confusing the issues; Plaintiffs are not challenging the violations of the PSA agreement but they are challenging the validity of the assignment. Most courts have held that when the assignment is void the borrower can challenge the assignment.

> Where an assignment is merely voidable at the election of the assignor, third parties, and particularly the obligor, cannot… successfully challenged the validity or effectiveness of the transfer. (7 Cal. Jur. 3d (2012) Assignments section, § 43.)

The statement indicates that a borrower can challenge an assignment of his or her note and deed of trust if the defect asserted would void the assignment. See, *Reinagel v. Deutsche Bank National Trust Co.* (5th Cir. 2013) __ F.3d ___ [2013 WL 348-0207 at p. 3]. Following the majority rule that obligor may raise any ground that renders the assignment void, rather than merely voidable.

The recent case of *Glaski v. Bank of America, NA,* 218 Cal. App. 4th 1079, 160 Cal. Rptr 449 (Cal. Ap. 2013) reached the same conclusion.

> We reject the view that a borrower's challenge to an assignment must fail once it is determined that the borrower was not a party to, or third party beneficiary of, the assignment agreement. Cases adopting that position "paint with too broad a brush." (Culhane v. Aurora Loan Services of Nebraska, supra, 708 F.3d at p. 290.) Instead, courts should proceed to the question whether the assignment was void.

Nevada clearly allows the homeowner to challenge the chain of assignments by which a party claims the right to foreclose. In *Leyva v. Nat'l Default Servicing Corp.*, 255 P.3d 1275 (Nev.2011), the Nevada Supreme Court discussed what documents a party must produce to demonstrate that it is entitled to foreclose on a home. *Id.* at 1279. With respect to the deed of trust, a party claiming to have been assigned the deed of trust must provide signed writings from previous lenders demonstrating the transfer of interest. *Id.* Absent a proper assignment of the deed of trust, a party would lack standing to pursue foreclosure proceedings. *Id* .

In *Bergenfield v. Bank of America*, 302 P.3d 1141, 129 Nev. Adv. Op. 40 (Nev. 2013) the Supreme Court of Nevada stated: "But in order to non-judicially foreclose a deed of trust of an owner-occupied residence, **the party seeking foreclosure must**

9

**demonstrate that it is both "the current beneficiary of the deed of trust and the current holder of the Promissory Note."** Quoting from: *Edelstein v. Bank of New York Mellon* 286 P.3d 249 at 255.

Now in looking at the issue regarding the assignment of the deed of trust on November 16, 2011 there are two fatal defects with the assignment. The first fatal flaw lies with the facts as described above, which describes the legal impossibility that a non-existent and bankrupt New Century assigned the deed of trust to Deutsche Bank.

The second fatal flaw lies with the assignment of the deed of trust to the Morgan Stanley Trust after the Closing Date of the Trust. Pursuant to New York law the violation of the Trust agreement renders the assignment void.

> "If the trust is expressed in the instrument creating the estate of the trustee, every sale, conveyance or other act of the trustee in contravention of the trust, except as authorized by this article and by any other provision of law, is void."
> N.Y. Est. Powers & Trust Law § 7-2.4

A recent New York Supreme Court decision is factually similar to the case before the Court. *See Wells Fargo Bank, N.A. v. Erobobo, et al.*, 2013 WL 1831799 (N.Y. Sup. Ct. April 29, 2013). In *Erobobo*, defendants argued that plaintiff (a REMIC trust) was not the owner of the note because plaintiff obtained the note and mortgage after the trust had closed in violation of the terms of the PSA governing the trust, rendering plaintiff's acquisition of the note void. *Id.* at 2. The *Erobobo* court held that under § 7-2.4, any conveyance in contravention of the PSA is void; this meant that acceptance of the note and mortgage by the trustee after the date the trust closed rendered the transfer void. *Id.* at 8.

Based on the *Erobobo* decision and the plain language of N.Y. Est. Powers & Trusts Law § 7-2.4, this Court should find that the Plaintiffs so have standing and therefore the

complaint should not be dismissed. See, also Memorandum Opinion; *Saldivar v. JP Morgan Chase Bank,* Adversary No. 12-01010; Bankruptcy Court Southern District of Texas (June 5, 2013) attached hereto as Exhibit 3.

## II. CONCLUSION

Plaintiffs' claims against Defendants should not be dismissed pursuant to NRCP 12(b)(6). The Plaintiffs have pled exactly what is required by law: a simple, concise and direct statement in order to give notice of the nature of their claims and relief sought. Therefore, based upon the foregoing, Plaintiffs respectfully request that the Court enter an order denying the Motion to Dismiss Plaintiffs Complaint without prejudice; or in the alternative granting Plaintiffs leave to file an amended complaint.

DATED this 4th day of November, 2013.

COHEN-JOHNSON, LLC


By:   */s/ H. Stan Johnson*
H. STAN JOHNSON, ESQ.
Nevada Bar No.: 0265
255 Ea. Warm Springs Road, Suite 100
Las Vegas, Nevada  89119
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Cohen-Johnson, that on the 4th day of November, 2013, I served a true and correct copy of the **OPPOSITION** in the following manner: Electronic Service pursuant to FRCP 5(b)(3) and LR 5-4 via the court's Case Management and Electronic Case Filing system (CM/ECF):

>Kristin A. Schuler-Hintz, Esq.
>KHintz@mccarthyholthus.com
>Christopher M. Hunter, Esq.
>Chunter@mccarthyholthus.com
>McCarthy & Holthus, LLP
>9510 W. Sahara, Suite 200
>Las Vegas, Nevada 89117
>Tel. (702) 685-0329
>**Facsimile (866) 339-5691**
>*Attorney for Quality Loan Service Corporation*

>Chelsea A. Crownton, Esq.
>ccrowton@wrightlegal.net
>Wright, Finlay & Zak, LLP
>5532 South Fort Apache Road, Suite 110
>Las Vegas, Nevada 89148
>Tel. (702) 475-7964
>**Facsimile: (702) 946-1345**
>*Attorney for Defendant,*
>*Deutsche Bank National Trust Company, as*
>*trustee for Morgan Stanley Capital 1 Inc. Trust*

                         */s/ Nelson Achaval*
                         An employee of Cohen-Johnson, LLC