1

2

3

4

5

6    **UNITED STATES DISTRICT COURT**

7    **DISTRICT OF NEVADA**

8    LYNN R. HYMAS, an individual and SUSAN )
     HYMAS, an individual,                    )
9                                             )
                        Plaintiffs,           )
10                                            )        2:13-cv-1869-RCJ-GWF
                 v.                           )
11                                            )        **ORDER**
     DEUTSCHE BANK NATIONAL TRUST            )
12   COMPANY, AS TRUSTEE FOR MORGAN          )
     STANLEY CAPITAL I INC. TRUST 2006-      )
13   NC2, a New York corporation; QUALITY    )
     LOAN SERVICE CORPORATION, a             )
14   California corporation; NEW CENTURY      )
     MORTGAGE CORPORATION, a California       )
15   corporation; DOES I through X, individuals )
     and ROES I through X, corporations,      )
16   inclusive,                               )
                                             )
17                      Defendants.           )
     _____

18

19          Currently before the Court is Defendant Deutsche Bank's Motion to Dismiss with

20   Prejudice Plaintiffs' Complaint (#6). The Court heard oral arguments on December 11, 2013.

     **BACKGROUND**
21
     **I.    Foreclosure Facts**[1]
22
            Plaintiffs Lynn R. Hymas and Susan Hymas (collectively "Plaintiffs") executed a note
23
     secured by a deed of trust on a piece of property located at 3116 Floral Vista Avenue,
24
     Henderson, Nevada, which was recorded in Clark County on November 1, 2005. (Deed of
25
     Trust (#7-2) at 2, 4). The mortgage, dated October 26, 2005, was for $270,000. (*Id.* at 3).
26

27

28          [1] This Court takes judicial notice of these public records. *See Disabled Rights Action
     Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take
     judicial notice of the records of state agencies and other undisputed matters of public record
     under Fed. R. Evid. 201).

1    The lender and beneficiary on the deed of trust was New Century Mortgage Corporation.  (*Id.*

2    at 2-3).  The trustee on the deed of trust was National Title Co.  (*Id.* at 3).

3         On November 28, 2011, Wells Fargo Bank, N.A. as attorney-in-fact for New Century

4    Mortgage, recorded a corporate assignment of deed of trust which granted and conveyed the

5    beneficial interest in the deed of trust to Deutsche Bank National Trust Company, as Trustee

6    for Morgan Stanley Capital I Inc. Trust 2006-NC2.  (Corporate Assignment of Deed of Trust

7    (#7-3) at 2-3).

8         On June 29, 2012, Wells Fargo Bank, N.A., as servicer and attorney-in-fact for

9    Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Capital I Inc. Trust

10   2006-NC2, recorded a substitution of trustee and replaced Quality Loan Service Corporation

11   as the trustee for National Title Co.  (Substitution of Trustee (#7-4) at 2-3).

12        On December 19, 2012, Quality Loan Service Corporation recorded a notice of breach

13   and default and of election to cause sale of real property under deed of trust.  (Notice of

14   Default (#7-5) at 2, 4).  The notice of default identified the breach of obligations as "[t]he

15   installments of principal and interest which became due on 9/1/2010, and all subsequent

16   installments of principal and interest through the date of this Notice" along with other amounts

17   due.  (*Id.* at 2).

18        On March 8, 2013, Quality Loan Service Corporation recorded a certificate from the

19   State of Nevada Foreclosure Mediation Program which stated that the property was a "non-

20   applicable property" and that the beneficiary could proceed with the foreclosure process.

21   (Foreclosure Mediation Certificate (#7-6) at 2).

22        On August 26, 2013, Quality Loan Service Corporation recorded a notice of trustee's

23   sale scheduled for September 20, 2013.  (Notice of Trustee's Sale (#7-7) at 2-3).

24   **II.    First Amended Complaint**

25        In October 2013, Defendant Deutsche Bank National Trust Company, as trustee for

26   Morgan Stanley Capital I Inc. Trust 2006-NC2, filed a petition for removal based on diversity

27   jurisdiction and attached a copy of the First Amended Complaint ("FAC") filed in Clark County,

28   Nevada.  (Pet. for Removal (#1) at 1; FAC (#1-9) at 2).  In the FAC, Plaintiffs sued Deutsche

1   Bank National Trust Company, as trustee for Morgan Stanley Capital I Inc. Trust 2006-NC2

2   ("Deutsche Bank"), Quality Loan Service Corporation, and New Century Mortgage Corporation

3   (collectively "Defendants"). (FAC (#1-9) at 2).

4          The FAC alleged the following facts. (*Id.* at 4). On April 2, 2007, New Century

5   Mortgage Corporation ("New Century") filed for Chapter 11 bankruptcy. (*Id.*). During the

6   course of the bankruptcy, New Century asserted that it only had an ownership interest in 2,000

7   loans at the time it filed for bankruptcy. (*Id.*). On June 29, 2007, Ellington Capital Inc.

8   purchased all 2,000 loans from the New Century bankruptcy estate. (*Id.*). On June 29, 2007,

9   Carrington Mortgage purchased the remaining mortgage servicing rights from the New Century

10  bankruptcy estate to loans it serviced. (*Id.*). As of June 29, 2007, New Century was

11  completely divested of any ownership or mortgage servicing rights to any mortgage loan

12  including Plaintiffs' loan as of that date. (*Id.* at 5). Pursuant to the bankruptcy court's order

13  confirming New Century's reorganization plan, all of its mortgage assets were conveyed into

14  the entity New Century Liquidating Trust effective July 15, 2008. (*Id.*). The bankruptcy court

15  confirmed a second and final amended plan which confirmed that New Century's assets were

16  conveyed into the trust effective July 15, 2008.[2] (*Id.*).

17         The FAC alleged the following. (*Id.*). Plaintiffs' loan became the property of the

18  liquidating trust on July 15, 2008 and, thus, New Century retained no valid interest in the loan

19  to assign it to Deutsche Bank in 2011. (*Id.*). Deutsche Bank was not the proper party in

20  interest and did not have standing to foreclose on the property. (*Id.*). The assignment from

21  New Century directly to Deutsche Bank violated numerous provisions of the pooling and

22  servicing agreement ("PSA"). (*Id.* at 6). The PSA required that the mortgage loan be sold

23  from the depositor to the trustee and not merely assigned. (*Id.*). Quality Loan Service

24  Corporation and Deutsche Bank were improper parties to enforce Plaintiffs' mortgage under

25  NRS § 107.080. (*Id.* at 7).

26         The FAC alleged four causes of action. (*Id.* at 8-10). In the first cause of action,

27

28         [2] A copy of the U.S. Bankruptcy Court for the District of Delaware's order is located at
    Docket Entry #13-1. (*See* Bankruptcy Order (#13-1) at 2-53).

3

1  Plaintiffs sought temporary restraining order, preliminary injunction, and permanent injunction.

2  (*Id.* at 8).  In the second cause of action, Plaintiffs sought declaratory judgment.  (*Id.*).  In the

3  third cause of action, Plaintiffs alleged fraud.  (*Id.* at 9).  Plaintiffs alleged that Defendants

4  represented to Plaintiffs that they were the duly appointed and authorized parties entitled to

5  conduct a non-judicial foreclosure pursuant to NRS § 107.080.  (*Id.*).  Plaintiffs alleged that

6  "the representations made by the Defendants, and each of them, in regards to their position

7  and authority to conduct a non-judicial foreclosure . . . were in fact false and misleading . . .

8  in that the Defendants . . . did not hold a proper assignment of the deed of trust, nor did they

9  hold the note as required to properly conduct a non-judicial foreclosure."  (*Id.*).  In the fourth

10  cause of action, Plaintiffs alleged violations of NRS § 107.080 because Defendants were not

11  the proper parties to conduct the non-judicial foreclosure.  (*Id.* at 10).

12  The pending motion now follows.

13  **LEGAL STANDARD**

14  When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the

15  court must accept as true all factual allegations in the complaint as well as all reasonable

16  inferences that may be drawn from such allegations.  *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150

17  n.2 (9th Cir. 2000).  Such allegations must be construed in the light most favorable to the

18  nonmoving party.  *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  In general, the

19  court should only look to the contents of the complaint during its review of a Rule 12(b)(6)

20  motion to dismiss.  However, the court may consider documents attached to the complaint or

21  referred to in the complaint whose authenticity no party questions.  *Id.*; *see Durning v. First*

22  *Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

23  The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a

24  claim is to test the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th

25  Cir. 2001).  The issue is not whether a plaintiff will ultimately prevail but whether the claimant

26  is entitled to offer evidence to support the claims.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246,

27  249 (9th Cir. 1997) (quotations omitted).  To avoid a Rule 12(b)(6) dismissal, a complaint does

28  not need detailed factual allegations;  rather, it must plead "enough facts to state a claim to

relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007));  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").  Even though a complaint does not need "detailed factual allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949.  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

## DISCUSSION

Defendant Deutsche Bank files a motion to dismiss the entire complaint with prejudice. (Mot. to Dismiss (#6) at 1).  Deutsche Bank argues that the first and second causes of action should be dismissed because a permanent injunction would make the property untransferrable and eliminate any ability by Defendants to enforce their secured interest.  (*Id.* at 5). Additionally, Deutsche Bank argues that declaratory relief is not an independent cause of action. (*Id.* at 6).  Deutsche Bank argues that all claims related to New Century's bankruptcy should be dismissed because these claims arise under Title 11 of the Bankruptcy Code and need to be addressed by the Delaware bankruptcy court. (*Id.* at 6-7).  Deutsche Bank asserts that the third cause of action should be dismissed because Plaintiffs fail to plead fraud with Federal Rule of Civil Procedure 9 particularity. (*Id.* at 11).  Deutsche Bank contends that Plaintiffs do not have standing to assert a violation of the PSA agreement or the assignment to Deutsche Bank based on the closing date for a securitized trust. (*Id.* at 12).  Deutsche Bank argues that Plaintiffs lack standing to challenge the 2011 assignment because they are not a party to the assignment. (*Id.* at 14).  Deutsche Bank asserts that the fourth cause of action

should be dismissed because Plaintiffs failed to tender the amount due and owing on the note. (*Id.* at 17). Deutsche Bank argues that the notice of default substantially complies with NRS § 107.080(2). (*Id.* at 19).

In response, Plaintiffs concede that their cause of action for injunctive relief may be treated as a remedy. (Opp'n to Mot. to Dismiss (#12) at 4). Plaintiffs argue that this Court has jurisdiction to afford declaratory relief under NRS § 30.040. (*Id.* at 4-5). Plaintiffs assert that Deutsche Bank's argument that this issue must be raised in bankruptcy court is without merit based on Nevada case law regarding the lack of standing to foreclose. (*Id.* at 8). Plaintiffs argue that its third cause of action complies with Rule 9. (*Id.*). Plaintiffs assert that they are not challenging violations of the PSA agreement but rather the validity of the assignment. (*Id.*).

In reply, Deutsche Bank argues that Wells Fargo as the attorney-in-fact for New Century had the authority to execute the assignment. (Reply to Mot. to Dismiss (#17) at 2). Deutsche Bank attaches a copy of the "Limited Power of Attorney" to the reply. (Power of Attorney (#17-1) at 2). Deutsche Bank asserts that the limited power of attorney anticipated New Century's liquidation, was executed prior to the date that New Century filed for Chapter 11 bankruptcy, and stated that Wells Fargo had the authority to execute assignments after the plan of liquidation. (*Id.* at 3).

According to the limited power of attorney, New Century Chief Executive Officer Holly Etlin executed the document on June 17, 2008 before a notary. (Limited Power of Attorney (#17-1) at 2). The document named Wells Fargo, N.A. the servicer of mortgages originated by New Century. (*Id.*). The document stated that:

> This limited power of attorney has been executed this 17th day of June, 2008, and is effective as of June 17, 2008. The same shall continue in full force and effect until revoked in writing by the undersigned. The parties agree that this Power of Attorney is coupled with an interest in the Mortgages, such that it shall continue in full force and effect upon and after the dissolution of the Originator pursuant to its Plan of Liquidation.

(*Id.*).

Nevada law provides that a deed of trust is an instrument that may be used to "secure the performance of an obligation or the payment of any debt." NRS § 107.020(1). Upon

6

default, the beneficiary, the successor in interest of the beneficiary, or the trustee may foreclose on the property through a trustee's sale to satisfy the obligation.   NRS § 107.080(2)(c).  A nominee on a deed of trust has the authority, as an agent, to act on behalf of the holder of the promissory note and execute a substitution of trustees.  *Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650, * 1 (D. Nev. 2009).  As long as the note is in default and the foreclosing trustee is either the original trustee or has been substituted by the holder of the note or the holder's nominee, there is no defect in the Nevada foreclosure.  *Id.* at *2.

As an initial matter, the Court finds that it may not consider Deutsche Bank's copy of the limited power of attorney on this motion to dismiss.  The Court finds that Deutsche Bank only discussed this document in its reply to the motion to dismiss and, thus, did not give Plaintiffs an opportunity to address this document.  Moreover, the Court finds that the limited power of attorney is not subject to judicial notice[3] on a motion to dismiss because it is not a publicly recorded document.

In this case, the Court finds that Plaintiffs state a cause of action for statutorily defective foreclosure pursuant to NRS § 107.080.  Based on the complaint and the judicially noticed facts, Plaintiff has sufficiently alleged that Wells Fargo Bank, N.A. as attorney-in-fact for New Century did not have the authority to execute an assignment of the deed of trust to Deutsche Bank in November 2011 because New Century had filed for bankruptcy and had reorganized into a new entity on July 15, 2008.  The Court finds that Deutsche Bank may provide evidence on a motion for summary judgment that demonstrates why Wells Fargo N.A. had the authority to execute an assignment of the deed of trust on behalf of New Century after New Century's assets had been conveyed to a separate entity.  Accordingly, Plaintiffs state a claim for their

---

[3]   If adjudicative facts or matters of public record meet the requirements of Federal Rule of Evidence 201, a court may judicially notice them in deciding a motion to dismiss. *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003); *see* Fed.R.Evid. 201(b) (stating that a judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.).

1    fourth cause of action.

2    The Court dismisses the first and second causes of action because injunctive and

3    declaratory relief are remedies rather than independent causes of action.  *See In re Wal-Mart*

4    *Wage & Hour Employment Practices Litig.*, 490 F.Supp.2d 1091, 1130 (D. Nev. 2007) (finding

5    that injunctive relief is not an independent ground for relief but a remedy); *Contreras v. Master*

6    *Fin., Inc.*, 3:10-cv-0477-LRH-VPC, 2011 WL 32513, *4 (D. Nev. Jan. 4, 2011) (finding that

7    claims for injunctive or declaratory relief are remedies that may be afforded to a party after he

8    has sufficiently established and proven his claims; they are not a separate causes of action).

9    With respect to the third cause of action, the elements of fraud in Nevada are: (1) a

10   false representation made by the defendant; (2) defendant's knowledge or belief that the

11   representation is false (or insufficient basis for making the representation); (3) defendant's

12   intention to induce the plaintiff to act or to refrain from acting in reliance upon the

13   misrepresentation; (4) justifiable reliance upon the misrepresentation; and (5) damage to the

14   plaintiff resulting from such reliance.  *Bulbman, Inc. v. Nevada Bell*, 825 P.2d 588, 592 (Nev.

15   1992).  Pursuant to Fed. R. Civ. P. 9(b), a party alleging fraud "must state with particularity the

16   circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  As such, the pleadings

17   "must state precisely the time, place, and nature of the misleading statements,

18   misrepresentations, and specific acts of fraud."  *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir.

19   1994).

20   The Court finds that Plaintiffs have sufficiently pled fraud under the third cause of

21   action.  Plaintiffs' fraud claim is based on the recorded corporate assignment of the deed of

22   trust which purports to have New Century grant and convey the beneficial interest in the deed

23   of trust to Deutsche Bank.  Plaintiffs allege that New Century and Deutsche Bank knew that

24   the assignment was false.  As such, the Court finds that this cause of action survives the

25   motion to dismiss.  However, the Court notes that if Deutsche Bank establishes a valid

26   assignment of the deed of trust on summary judgment then Plaintiffs fail to establish a claim

27   for fraud.

28   ///

8

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Defendant Deutsche Bank's Motion to Dismiss with Prejudice Plaintiffs' Complaint (#6) is GRANTED in part and DENIED in part. The Court grants the motion to dismiss the first and second causes of action.  The Court denies the motion to dismiss the third and fourth causes of action.

Dated this 16th day of December, 2013.

_____
United States District Judge

9