**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LYNN R. HYMAS, an individual, and SUSAN HYMAS, an individual, <br><br>              Plaintiffs, <br><br>     vs. <br><br> DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY CAPITAL I INC. TRUST 2006-NC2, a New York corporation, *et al.*, <br><br>              Defendants. | 2:13-cv-01869-RCJ-GWF <br><br> AMENDED ORDER |

This case arises out of Defendants' alleged improper initiation of foreclosure proceedings on Plaintiffs' residence. Pending before the Court is Defendants' Motion for Summary Judgment (ECF No. 32). Plaintiffs have submitted their Opposition (ECF No. 33) and also move for leave to amend their complaint (ECF No. 34). For the reasons contained herein, the Court DENIES Defendants' summary judgment motion, and it GRANTS Plaintiffs' motion to amend.

**I.      PROCEDURAL HISTORY AND FACTS**

Plaintiffs Lynn R. Hymas and Susan Hymas (collectively "Plaintiffs") executed a note ("the Note") secured by a deed of trust ("the Deed") on their home located at 3116 Floral Vista Avenue, Henderson, Nevada, which was recorded in Clark County on November 1, 2005. (Deed

of Trust 2, 4, ECF No. 7-2).[1]  The mortgage, dated October 26, 2005, was for $270,000. (*Id.* at 3).  The lender and beneficiary on the Deed was New Century Mortgage Corporation ("New Century"). (*Id.* at 2–3).  The trustee on the Deed was National Title Company. (*Id.* at 3).

On November 28, 2011, Wells Fargo Bank, N.A. ("Wells Fargo"), as attorney-in-fact for New Century, (*see* Power of Attorney, EFC No. 32-1), recorded a corporate assignment of the Deed that granted and conveyed the beneficial interest in the Deed to Defendant Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Capital I Inc. Trust 2006-NC2 ("Deutsche Bank"). (Corporate Assignment of Deed of Trust 2–3, ECF No. 7-3).

On June 29, 2012, Wells Fargo, acting as servicer and attorney-in-fact for Deutsche Bank, recorded a substitution of trustee and replaced Quality Loan Service Corporation ("Quality") as the trustee of the Deed. (Substitution of Trustee 2–3, ECF No. 7-4).  On December 19, 2012, Quality recorded a notice of breach and default and of election to cause sale of real property under the Deed. (Notice of Default 2, 4, ECF No. 7-5).  The notice of default identified the breach of obligations as "[t]he installments of principal and interest which became due on 9/1/2010, and all subsequent installments of principal and interest through the date of this Notice" along with other amounts due. (*Id.* at 2).

On March 3, 2013, Quality recorded a certification from the State of Nevada Foreclosure Mediation Program stating that the property was a "non-applicable property" and that the beneficiary could proceed with the foreclosure process. (Foreclosure Mediation Certificate 2, ECF No. 7-6).  On August 26, 2013, Quality recorded a notice of trustee's sale scheduled for September 20, 2013. (Notice of Trustee's Sale 2–3, ECF No. 7-7).  The sale, however, never actually occurred and Plaintiffs remain in possession of the property.

---

[1] This Court takes judicial notice of these public records. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (stating that the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Federal Rules of Evidence 201).

On April 2, 2007, New Century filed for Chapter 11 bankruptcy. Plaintiffs allege that shortly thereafter the bankruptcy estate sold New Century's ownership interest in all its loans to Ellington Capital, Inc., while Carrington Mortgage purchased the remaining mortgage servicing rights to the loans that New Century had serviced. (First Amended Complaint ("FAC") ¶¶ 15–17, ECF No. 1-9). Plaintiffs allege that New Century was completely divested of any ownership interest or mortgage servicing rights to Plaintiffs' loan by June 29, 2007. (*Id.* ¶ 18). Pursuant to the bankruptcy court's order confirming New Century's reorganization plan, all of its mortgage assets were conveyed into the entity New Century Liquidating Trust ("the Liquidating Trust") effective July 15, 2008. (*Id.* ¶ 22; *see also* Order Confirming Reorganization Plan ¶¶ 20–22, at 23–24, ECF No. 33-1). Plaintiffs allege that their loan became the property of the Liquidating Trust on this date and, thus, New Century retained no valid interest in the loan to assign it to Deutsche Bank in 2011. (FAC ¶ 23). Plaintiffs further allege that Deutsche Bank was not the proper beneficiary of the loan and did not have standing to foreclose on the property. (*Id.*).

On April 15, 2013, Plaintiffs filed a Chapter 7 bankruptcy. As part of those proceedings, Plaintiffs claimed the mortgage on the Henderson property as a debt in their bankruptcy schedules. (Pls.' Resp. to Req. for Admis. 7–8, ECF No. 32-2). Deutsche Bank filed a Motion to Abandon Real Property during those proceedings, which Plaintiffs did not oppose. (*Id.*). Instead, Plaintiffs represented to the bankruptcy court that they were in negotiations with Deutsche Bank to modify the loan agreement. (*Id.*). At no point during their bankruptcy proceedings did Plaintiffs ever contest or challenge Deutsche Bank's status as the beneficiary of the Deed and the holder of the Note. (*Id.* at 9).

Plaintiffs initially filed this lawsuit in Clark County, Nevada. Defendants timely removed to this Court. Plaintiffs' FAC included four claims for relief: preliminary injunction,

3

1  declaratory judgment, fraud, and violations of NRS 107.080.  Defendants filed a motion to

2  dismiss these claims (ECF No. 6), which the Court granted as to Plaintiffs' request for a

3  preliminary injunction and declaratory judgment. (*See* Dec. 19, 2013 Order, ECF No. 21).

4  Presently, Defendants seek summary judgment on the remaining claims of fraud and statutorily

5  improper foreclosure under NRS 107.080.  Plaintiffs oppose this motion and counter move the

6  Court for leave to amend their FAC to include an additional claim for relief under NRS 205.395.

## II. LEGAL STANDARDS

### A. Summary Judgment

A principal purpose of the summary judgment rule is to "isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  A court grants summary judgment only if "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In making this determination, the court "must draw all reasonable inferences supported by the evidence in favor of the non-moving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002).  "[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).  Rather, only genuine issues of *material* facts are relevant to the summary judgment analysis.  A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* at 248.  "The moving party bears the initial burden of establishing the absence of a genuine issue of material fact." *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000).  The burden is met by demonstrating to the court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325.  This is done by citing to depositions, documents,

electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials. Fed. R. Civ. P. 56(c)(1)(A). Once the initial burden is met, however, "Rule 56(e) requires the nonmoving party to go beyond the pleadings and identify facts which show a genuine issue for trial." *Fairbank*, 212 F.3d at 531.

Moreover, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. "In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23. Conversely, where reasonable minds could differ on the facts proffered in support of a claim, summary judgment should not be granted. *Petzak v. Nevada ex rel. Dep't of Corr.*, 579 F. Supp. 2d 1330, 1333 (D. Nev. 2008). "Summary judgment is inappropriate if reasonable jurors . . . could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008).

**B. Leave to Amend**

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleading after twenty-one days of serving it "only with the opposing party's written consent or the court's leave." Rule 15(a) instructs that courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

///

## III. DISCUSSION

### A. Defendants' Motion for Summary Judgment

Defendants argue that they are entitled to summary judgment because Plaintiffs fail to demonstrate all the necessary elements of fraud. Defendants further argue that Plaintiffs' claim regarding Defendants' alleged violation of NRS 107.080 should be denied because Deutsche Bank was the lawful beneficiary of the Deed and holder of the Note at the time the foreclosure notice was recorded. However, Plaintiffs argue that New Century no longer had an ownership interest in Plaintiffs' loan at the time Wells Fargo assigned the mortgage to Deutsche Bank.

#### 1. Fraud

Under Nevada law, "[t]o prove a fraud claim, the plaintiff must show that the defendant made a false representation that the defendant knew or believed was false, that the defendant intended to persuade the plaintiff to act or not act based on the representation, and that the plaintiff had reason to rely on the representation and suffered damages." *Franchise Tax Bd. of Cal. v. Hyatt*, 335 P.3d 125, 144 (Nev. 2014). Accordingly, the Court must first address whether Defendants falsely represented that Deutsche Bank lawfully held the Deed and Note to Plaintiffs' mortgage and whether Defendants knew or believed such representation was false. Plaintiffs assert that only two factual scenarios are possible regarding the ownership of their mortgage: either their loan was part of the assets that were transferred to the Liquidating Trust in conformity with New Century's reorganization plan, which would have divested New Century of its ownership interest, or their loan was purchased by some other buyer prior to New Century's filing for bankruptcy, which would have likewise divested New Century of its ownership interest. (Pls.' Opp'n 8, ECF No. 33). Defendants respond that the bankruptcy court lifted the bankruptcy stay on September 3, 2008, allowing Wells Fargo to exercise its power-of-attorney

6

rights and to assign Plaintiffs' mortgage from New Century to Deutsche Bank prior to the transfer of assets to the Liquidating Trust. (Defs.' Reply 2–3, ECF No. 39).

The disagreement over whether New Century held an ownership interest in Plaintiffs' mortgage at the time Wells Fargo assigned the loan to Deutsche Bank and substituted Quality as the servicer of the loan is precisely the type of factual issue that should not be resolved on summary judgment. *See Petzak*, 579 F. Supp. 2d at 1333. If the Deed and the Note were property of New Century's estate at the time that it filed for bankruptcy, then they likely would have passed to the Liquidating Trust as part of the restructuring plan. Thus, at trial, Defendants will need to explain how Plaintiffs' mortgage was separated from New Century's other assets that were transferred to the Liquidating Trust. Should Defendants fail to make such a showing, then Plaintiffs' fraud claim will require them to demonstrate that Defendants knew that they did not have ownership of the Deed and the Note but nevertheless sought to foreclose on the Henderson property anyway.

Notwithstanding this dispute of material fact, Defendants argue that summary judgment is appropriate because Plaintiffs' arguments regarding Deutsche Bank's ownership of their mortgage are barred by the doctrine of judicial estoppel. Defendants contend that because Plaintiffs did not question the validity of Deutsche Bank's status as beneficiary of the Deed during Plaintiffs' bankruptcy proceedings, they should not be allowed to challenge it in the present action.

"Judicial estoppel is a discretionary doctrine, applied on a case-by-case basis." *Ah Quin v. Cnty. of Kauai Dep't of Transp.*, 733 F.3d 267, 272 (9th Cir. 2013). The doctrine "precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597,

1   600 (9th Cir. 1996). "Its purpose is to protect the integrity of the judicial process by prohibiting

2   parties from deliberately changing positions according to the exigencies of the moment." *Ah*

3   *Quin*, 733 F.3d at 270 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001)).

4       A court considers several factors when determining whether judicial estoppel precludes a

5   party from asserting a particular argument, though the factors "do not establish inflexible

6   prerequisites or an exhaustive formula." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778,

7   783 (9th Cir. 2001) (quoting *New Hampshire*, 532 U.S. at 751). "First, a party's later position

8   must be 'clearly inconsistent' with its earlier position." *New Hampshire*, 532 U.S. at 750

9   (citation omitted). "Second, courts regularly inquire whether the party has succeeded in

10  persuading a court to accept that party's earlier position, so that judicial acceptance of an

11  inconsistent position in a later proceeding would create 'the perception that either the first or the

12  second court was misled.'" *Id.* (citation omitted). Third, courts evaluate whether "the party

13  seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair

14  detriment on the opposing party if not estopped." *Id.* at 751 (citation omitted). Finally, federal

15  courts have adopted a basic rule when applying judicial estoppel in the bankruptcy context: "If a

16  plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy schedules and

17  obtains a discharge (or plan confirmation), judicial estoppel bars the action." *Ah Quin*, 733 F.3d

18  at 271.

19      In this case, the Court finds that Plaintiffs are not judicially estopped from asserting their

20  arguments regarding Defendants' ownership interest in the Deed and Note. The Court does not

21  find Plaintiffs current position to be an attempt at playing "fast and loose" with the Court or an

22  attack on the integrity of the judicial system. *See Ah Quin*, 733 F.3d at 271 (stating that the

23  underlying policy reasons for the judicial estoppel doctrine are "to prevent litigants from playing

24

1  'fast and loose' with the courts and to protect the integrity of the judicial system"). While it is
2  true that Plaintiffs listed America's Servicing Company ("ASC"), a division of Wells Fargo, as
3  the secured creditor on the Henderson property in their bankruptcy documents, (*see* Bankruptcy
4  Documents, Schedule D, ECF No. 32-6, at 18), there is no reason why that statement should
5  preclude them from challenging Deutsche Bank's status as beneficiary in this action. The focus
6  of Chapter 7 bankruptcy proceedings is to provide the debtor a "fresh start" by giving him a
7  discharge of most of his debts and "equitably distributing a debtor's assets among competing
8  creditors." *Sherwood Partners, Inc. v. Lycos, Inc.*, 394 F.3d 1198, 1203 (9th Cir. 2005).
9  Plaintiffs complied with this purpose by identifying the Henderson mortgage and reporting it as a
10 debt. They do not seek to shirk the responsibility of repaying that debt by means of the present
11 action. Rather, they only challenge whether Deutsche Bank is the lawful beneficiary of the Deed
12 and holder of the Note. The bankruptcy court's order would therefore not be undermined if ASC
13 turned out to be improperly named as the secured creditor of their mortgage since the mortgage
14 itself and the full amount due thereunder were both accurately stated. (*See* Bankruptcy
15 Documents, Schedule D).

16     Moreover, even though Plaintiffs worked with Wells Fargo and ASC to modify their loan
17 agreement in 2009, (Loan Modification Agreement, ECF No. 32-3), there is no evidence in the
18 record that Plaintiffs knew or had reason to suspect at that time that New Century, and therefore
19 Wells Fargo, no longer had an interest in the mortgage. Finally, Plaintiffs' position in this case
20 does not impose an unfair detriment on Defendants. There is no indication that the arguments
21 made by either party regarding Defendants' status as beneficiary are any different today than the
22 arguments that would have been put forth earlier had Plaintiffs challenged Defendants'
23
24

ownership during Plaintiffs' bankruptcy proceedings. For this reason, the Court finds that Plaintiffs gain no unfair advantage by raising the challenge now.

Additionally, while judicial estoppel bars a bankruptcy petitioner's lawsuit if the action is pending at the time of filing and yet remains unreported to the bankruptcy court or if the petitioner has knowledge that a lawsuit will soon be filed, *see Ah Quin*, 733 F.3d at 271, neither of these scenarios seem to be applicable here. This action was not pending during Plaintiffs' bankruptcy proceedings. Further, the Court finds that there is no evidence that Plaintiffs believed Deutsche Bank was unlawfully claiming an ownership interest in the Deed and Note during the proceedings or that Plaintiffs intended to subsequently file the present action despite not challenging Deutsche Bank's claims at that time. The Court, therefore, concludes that Plaintiffs failure to identify this lawsuit to the bankruptcy court does not bar their claims.

Thus, the Court finds that judicial estoppel does not preclude Plaintiffs' arguments regarding ownership of the Deed and the Note. The Court also finds that a genuine dispute of material fact exists regarding Deutsche Bank's status as the lawful beneficiary of the Deed and holder of the Note. There is therefore a factual issue that must be resolved at trial of whether Defendants knowingly misrepresented their ownership of the Deed and the Note to Plaintiffs. Accordingly, the Court must now determine whether such disputes exist as to the other elements of fraud.

The second element of fraud requires Plaintiffs to show that Defendants intended to persuade them to act on the alleged false representation. *Hyatt*, 335 P.3d at 144. Plaintiffs argue that Defendants induced them to act by initiating foreclosure proceedings thereby causing Plaintiffs to seek a modification of their loan agreement. (Pls.' Opp'n 10). The only loan modification agreement that the Court could locate in the record is dated February 20, 2009,

which is well before Defendants initiated foreclosure proceedings on Plaintiffs' property. However, Plaintiffs admit that during their bankruptcy proceedings, they filed paperwork with the bankruptcy court stating that they were negotiating a loan modification with Deutsche Bank. (*See* Pls.' Resp. to Defs.' Req. for Admis. Nos. 25–27, ECF No. 32-2).  While this is thin evidence that Defendants initiated the foreclosure proceedings for the purpose of causing Plaintiffs to act, the Court finds that a reasonable juror could infer that Deutsche Bank, by claiming ownership of the Deed and Note, intended for Plaintiffs to sign a modified loan agreement.  Thus, Plaintiffs survive summary judgment on this element.

The third and fourth elements of fraud require Plaintiffs to demonstrate that they had reason to rely on Defendants' alleged misrepresentations and that the reliance caused them damages. *Hyatt*, 335 P.3d at 144.  Plaintiffs contend that at the time of the foreclosure proceedings there was no reason to disbelieve Deutsche Bank's representations that it was the legitimate beneficiary of the Deed.  Since foreclosure proceedings were in fact initiated, Plaintiffs justifiably thought at the time that Deutsche Bank lawfully held the Deed and Note. Thus, Plaintiffs survive summary judgment on this element as well.  The Court, therefore, finds that Plaintiffs present sufficient disputed factual issues relating to their allegations of fraud to survive summary judgment.  Defendants' motion is DENIED on this claim.

**2. NRS 107.080**

NRS 107.080 authorizes non-judicial foreclosure of a deed of trust so long as certain requirements are met.  To initiate a non-judicial foreclosure of an owner-occupied residence, "the party seeking foreclosure must demonstrate that it is both 'the current beneficiary of the deed of trust and the current holder of the promissory note.'" *Bergenfield v. Bank of Am.*, 302 P.3d 1141, 1143 (Nev. 2013).  The Nevada Supreme Court has explained that:

1
2
3

> This requirement stems from the fact that a deed of trust is a lien on the property to secure the debt and the beneficiary of the deed alone does not have a right to repayment on the loan. Rather, it is the holder of the note that is entitled to repayment. Therefore, only when the note and deed of trust are held by the same party is foreclosure proper under NRS Chapter 107.

*Id.* (internal citations omitted). In this case, Plaintiffs dispute whether Deutsche Bank is the lawful beneficiary of the Deed and whether it is the proper holder of the Note. Because they challenge Deutsche Bank's ownership of the loan, Plaintiffs further dispute whether the substitution of Quality as trustee was lawful. These disputes of material fact render it impossible for the Court to grant summary judgment in Defendants' favor on Plaintiffs' allegations that the foreclosure proceedings were initiated in violation of NRS 107.080. And as noted in the previous section, the Court finds that Plaintiffs are not judicially estopped from advancing these arguments. Therefore, Defendants' motion is also DENIED as to this claim.

### B. Plaintiffs' Motion for Leave to Amend

On October 4, 2014, Plaintiffs filed a counter motion seeking leave from the Court to amend their FAC to include an additional claim for relief under NRS 205.395. Defendants argue that this motion is untimely and that it is made in bad faith. The standard applied to determine whether leave to amend should be granted under Rule 15(a) is a liberal one. *See AmerisourceBergen Corp.*, 465 F.3d at 951. There is no evidence in the record that Plaintiffs motion to amend is brought in bad faith or with the intent to harass Defendants. While the Court agrees that the hour is late for making a motion to amend, it sees no undue prejudice that would be suffered by Defendants should the motion be granted. Moreover, given the factual disputes that Plaintiffs raise in this case, the Court finds that amending the complaint would not

necessarily be futile.  Therefore, the Court GRANTS Plaintiffs' counter motion for leave to amend.[2]

**CONCLUSION**

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (ECF No. 32) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Counter Motion for Leave to Amend (ECF No. 34) is GRANTED.

IT IS SO ORDERED.

Dated:  _January 22, 2015     ____

_____
ROBERT C. JONES
United States District Judge

---

[2] The Court also invites Defendants to submit a renewed motion for summary judgment supported by evidence that the Deed did not pass to Century's trustee as part of the reorganization plan, that Century still held the Deed at the time of the assignment, and that Deutsche is the lawful beneficiary of the Deed.