**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LYNN L. HYMAS et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> DEUTSCHE BANK NATIONAL TRUST ) <br> CO. et al., ) <br> ) <br> Defendants. ) | 2:13-cv-01869-RCJ-GWF <br><br> **ORDER** |

This case arises out of a residential non-judicial foreclosure. Pending before the Court are a Motion to Dismiss or in the Alternative for Summary Judgment (ECF No. 59) and a Motion for Summary Judgment (ECF No. 64). For the reasons given herein, the Court grants the first motion in part and denies it in part and denies the second motion.

**I.      FACTS AND PROCEDURAL HISTORY**

Plaintiffs Lynn and Susan Hymas gave Defendant New Century Mortgage Corp. ("New Century") an adjustable-rate promissory note for $270,000 (the "Note") in order to purchase real property at 3116 Floral Vista Avenue, Henderson, Nevada, 89014 (the "Property"), secured by a deed of trust (the "DOT") against the Property. (*See* Second Am. Compl. ¶¶ 1, 9, ECF No. 57; Note, ECF No. 57, at 13, DOT, ECF No. 57, at 18). On November 16, 2011, New Century purported to assign the DOT to Defendant Deutsche Bank National Trust Co. as trustee for non-

party Morgan Stanley Capital I Inc., Trust 2006-NC2 ("Deutsche Bank"). (Second Am. Compl. ¶ 10).  On June 29, 2012, Deutsche Bank purported to substitute Defendant Quality Loan Service Corp. ("QLS") as trustee on the DOT. (*Id.* ¶ 11).  On December 19, 2012, QLS recorded a notice of breach and election to sell (the "NOD"). (*Id.* ¶ 12).  On August 26, 2013, QLS recorded a notice of sale (the "NOS"), noticing a trustee's sale for September 20, 2013. (*Id.* ¶ 13).  The day before the scheduled sale, Plaintiffs filed the original Complaint in state court, and it appears no sale has ever occurred.

Defendants removed the First Amended Complaint ("FAC") and moved to dismiss.  The FAC sought a declaration that Defendants had no standing as to the Note or DOT and included claims for violations of Nevada Revised Statutes section ("NRS") 107.080 and fraud based on the non-judicial foreclosure proceedings.  The FAC also included a nominal cause of action for preliminary injunctive relief.  The Court dismissed the claims for declaratory and injunctive relief but refused to dismiss the fraud and NRS 107.080 claims.  Plaintiffs voluntarily dismissed New Century, which had not appeared, without prejudice.  Deutsch Bank moved for summary judgment.  The Court denied the motion and granted Plaintiffs leave to amend to add a claim for false representation of title under NRS 205.395.  Plaintiffs filed the Second Amended Complaint ("SAC"), which includes the same four claims as the FAC plus the NRS 205.395 claim. Deutsche Bank has moved to dismiss, or in the alternative for summary judgment, in part. Plaintiffs have moved for summary judgment.

II.     **LEGAL STANDARDS**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

(1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

     A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).  Put differently, *Conley* only required a plaintiff to identify a major premise (a legal theory) and conclude liability therefrom, but *Twombly-Iqbal* requires a plaintiff additionally to allege minor

premises (facts of the plaintiff's case) such that the syllogism showing liability is complete and that liability necessarily follows therefrom, assuming the allegations are true.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In determining summary judgment, a court uses a burden-shifting scheme:

>When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.   ANALYSIS**

Deutsche Bank first asks the Court to dismiss the first two claims for injunctive and declaratory relief, respectively, because the Court previously dismissed those claims and never gave Plaintiffs leave to amend them. The Court agrees but strikes those claims from the SAC under Rule 12(f) rather than dismissing them under Rule 12(b) because the claims have already been dismissed and are therefore impertinent to the operative version of the complaint.

Deutsche Bank next asks the Court to dismiss the remaining claims because Plaintiffs have no standing to enforce the Pooling and Servicing Agreement or the Liquidating Trust (collectively, the "PSA"). The Court denies the motion in this regard. The fact that Plaintiffs were neither parties nor third-party beneficiaries of the PSA does not preclude them from using the PSA as evidence that the foreclosing entity did not hold the mortgage instruments and therefore could not legally foreclose under Nevada's foreclosure statutes, or that the foreclosing entity misrepresented facts. Plaintiffs' injury-in-fact is that they stand to lose possession of and title to the Property if Defendants foreclose. They needn't seek to enforce the PSA directly to protect that interest. In nearly every wrongful-foreclosure-type action, the plaintiff argues that the foreclosing entity was not the proper beneficiary, trustee, etc. These kinds of allegations usually fail on the facts, but neither this Court nor any court in this District of which the Court is

aware has ever rejected such a claim based on an argument that the plaintiff was not himself a party to an assignment of the beneficial interest in the note or deed of trust.

Next, Deutsche Bank argues that Plaintiffs have failed to state a claim under NRS 205.395. Specifically, the statute requires that:

> The owner or holder of the beneficial interest in the real property must, before bringing a civil action pursuant to this subsection, send a written request to the person who made the false representation to record a document which corrects the false representation. If the person records such a document not later than 20 days after the date of the written request, the owner or holder of the beneficial interest may not bring a civil action pursuant to this subsection.

Nev. Rev. Stat. § 205.395(5). The Court will not dismiss based on non-exhaustion of non-judicial remedies. Failure to exhaust non-judicial remedies is generally treated as an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 212 (2007). An exhaustion statute's "silen[ce] on the issue whether exhaustion must be pleaded by the plaintiff or is an affirmative defense . . . is strong evidence that the usual practice should be followed, and the usual practice under the Federal Rules is to regard exhaustion as an affirmative defense." *Id.* A Court should not dismiss based on an affirmative defense unless the defense appears on the face of the non-moving party's own pleadings. *See Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013). Otherwise, the defense cannot be determined until at least the summary judgment stage; the issue cannot be treated as a quasi-summary-judgment matter under Rule 12(b). *Albino v. Baca*, 747 F.3d 1162, 1168–69 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003)). NRS 205.395 is silent as to pleading requirements. The Court therefore finds that the exhaustion requirement is an affirmative defense and denies the motion to dismiss based on NRS 205.395(5), as non-exhaustion does not appear on the face of the SAC.

In the alternative, however, Deutsche Bank requests summary judgment. Deutsche Bank adduces a copy of Plaintiffs' written request under NRS 205.395(5). (*See* Letter, ECF No. 59-4).

As Deutsche Bank notes, that Letter is dated July 31, 2015, which is the date the SAC was filed such that it is impossible Plaintiffs filed the claim after the statutory 20-day grace period. Plaintiffs have adduced no contrary evidence but argue that the statute does not impose a grace period but simply requires a written request to be sent before filing a claim. Plaintiffs argue that a claim is only barred if not yet filed when the recipient of such a letter records a document within 20 days correcting the alleged falsehood. Plaintiffs also argue that Deutsche Bank has known of the alleged falsehoods in the relevant recordings for years and has no intention of making any corrections. There is no available authority on NRS 205.395(5). The Court finds that the 20-day period does in fact operate as a grace period. The 20-day period would be of little utility to avoiding lawsuits if a plaintiff could file his lawsuit immediately after sending a written request, even before a defendant could possibly record a correction.

Deutsche Bank also argues that Plaintiffs have not stated a claim under NRS 205.395(1) because they have not identified the precise documents in which Deutsche Bank allegedly made false representations concerning title to the Property. The Court disagrees. Plaintiffs have identified the foreclosure documents recorded with the Clark County Recorder, (*see* Second Am. Compl. ¶ 60), and they have attached the relevant documents to the SAC. There is no confusion over which documents Plaintiffs mean. The issue is moot, however, as the Court grants summary judgment for failure to comply with the statutory grace period.

Finally, Plaintiffs ask the Court to grant them offensive summary judgment on their NRS 107.080 and 205.395(1) claims. As to the NRS 107.080 claim, Plaintiffs argue that Deutsche Bank's assignment from New Century was "false, invalid, ineffective and void," and that Deutsche Bank therefore had no authority to record the NOD or to substitute QLS as trustee, and that QLS therefore had no authority to record the NOS, making Deutsche Bank and QLS liable

for damages, an injunction, fees, and costs under NRS 107.080(7). As to the NRS 205.395(1) claim, Plaintiffs argue that Deutsch Bank's recordations pursuant to the assignment were false representations concerning title (because of the invalid assignment).

Plaintiffs adduce seven exhibits in support, but none of the evidence adduced, alone or taken together, would entitle Plaintiffs to a directed verdict if it went unrebutted at trial. Exhibits 1 and 2 are the Note and DOT, respectively, which are not evidence as to the assignment to Deutsche Bank or lack thereof. (*See* Note, ECF No. 64, at 28; DOT, ECF No. 64, at 33). Exhibit 3 is a Confirmation Order of the U.S. Bankruptcy Court for the District of Delaware, Case No. 07-10416. (*See* Conf. Order, ECF No. 64, at 49). Under that order, on the "Effective Date," certain "Liquidating Trust Assets, as described in Article 8.E.1 of the Plan" were to be transferred by New Century and the other debtors to the "Liquidating Trust on behalf of the beneficiaries thereof." (*See id.* ¶ 22). Exhibit 4 is a Confirmation Order as to the Confirmation Plan as modified. (*See* Conf. Order, ECF No. 64, at 101). Neither the original nor modified Confirmation Plans are adduced, however, so there is ultimately no evidence that the Note and DOT were part of the Liquidating Trust Assets as defined in the Confirmation Plan. Exhibit 5 is the Assignment from New Century to Deutsche Bank. Exhibit 6 is the docket heading of the bankruptcy case listing the parties and their attorneys. Exhibit 7 is a letter from Cohen-Johnsen, LLC to Deutsche Bank and QLS whereby Plaintiffs' counsel (apparently in response to certain foreclosure filings) requested those Defendants to "record a document which corrects the false representations asserted by said documents in accordance with NRS 205.395(5)." (*See* Letter, ECF No. 64, at 170). This is the written request required under NRS 205.395(5) addresses, *supra*. These last three exhibits do not tend to prove the invalidity of the Assignment. Plaintiffs have not satisfied their initial burden on summary judgment. They have adduced no evidence


tending to show that New Century did not have the ability to assign the Note and DOT to Deutsche Bank when it did.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss or in the Alternative for Summary Judgment (ECF No. 59) is GRANTED IN PART.  The first and second claims are STRICKEN from the Second Amended Complaint, and summary judgment is granted as to the claim under NRS 205.395.

IT IS FURTHER ORDERED that the Motion for Summary Judgment (ECF No. 64) is DENIED.

IT IS SO ORDERED.

DATED this 25th day of January, 2016.

_____
ROBERT C. JONES
United States District Judge